MAY TERM, 1881, No. 165.                    JUNE 15TH, 1881.

## Hoar *et al. versus* Flegal.

1. That one of the panel of jurors on the trial of a cause was personated by a stranger is a matter only to be remedied on a motion for a new trial.

2. It cannot be reached by a motion in arrest of judgment, or by writ of error.

3. Plaintiff in error is estopped from alleging anything which contradicts the record.

ERROR to the Court of Common Pleas of *Clearfield County.*

Assumpsit by David J. Hoar & Co., against Lever Flegal.

The cause came on for trial May 21st, 1879, and the jury rendered a verdict for the defendant.

The following day the plaintiffs made a motion in arrest of judgment and for a new trial, because, *inter alia,* "John B. Mays, who served as a juror in the trial of this cause, was not drawn as a juror for this term of court, and the said John B. Mays, a resident of Knox township, falsely personated and answered to the name of John Milton Mays, a citizen of Jordan township, who was drawn as a juror for the present term, but was not in attendance at Court."

Depositions were taken in support of the rule, from which it appeared that the list of traverse jurors drawn for the third Monday of May Term, A.D., 1879, contained the fol-

[Hoar *et al. v.* Flegal.]

lowing: " 30 Jordan, John M. Mays, Farmer ;" but not the name of John B. Mays.

John M. Mays testified:

" I was born and raised in Jordan township, Clearfield County. . . . A few days before court, John B. Mays, of Knox township, came to where I live. He said he came up to tell me that I need not come up to court as a juror. He said he had got the notice and he was the legal man. He said he was going and I need not go; said he heard that I was going to court and he had come to tell me that I need not go, that he was going. . . . I never was notified by the sheriff as a juror."

John B. Mays sat as a juror in the case. Neither plaintiffs nor their counsel knew that he was not John M. Mays of Jordan township until after the trial.

June 2d, 1880, the Court below discharged the rule and refused a new trial, and May 6th, 1881, judgment was entered on the verdict.

The plaintiff then took a writ of error, assigning for error that the Court erred in refusing to arrest the judgment.

*Frank Fielding* and *William D. Bigler* for plaintiffs in error.

The verdict and judgment are nullities: Commonwealth *v.* Spring, 5 Clark, 238 ; Commonwealth *v.* Sallager, 3 Clark, 127 ; Norman *v.* Beamont, Willes, 484; Hill *v.* Yates, 12 East, 229; King *v.* Tremearne, 5 B. & C., 254; Pennell *v.* Percival, 1 Harris, 200; Bank *v.* Eyre, 10 P. F. Smith, 441.

*Wallace* and *Krebs* for defendant in error.

No right was taken from the plaintiff, and no harm resulted to him from the juror. He took his chances for the verdict: Burton *v.* Ehrlich, 3 Harris, 236.

In the absence of merit the Court will not set aside a verdict because of the misdescription of one of the persons named in the list of special jurors: Sparks *v.* Plankinhorne. 4 Yeates, 384 ; McCorkle *v.* Binns, 5 Binney, 340.

PER CURIAM : The record in this case is perfectly regular. That one of the panel of jurors was personated by a stranger was a matter only to be remedied on a motion for a new trial. It could not be reached by a motion in arrest of judgment, nor on error. The plaintiff in error is estopped by the record from alleging anything which contradicts it.

Judgment affirmed.