# I. C. Barlott, Appellant, v. John W. Forney and Franklin F. Forney.

*Appeals—Practice, common pleas—Equity—Rule for rehearing.*

A rule for a rehearing in an equity case does not stay the running of the time within which an appeal may be taken.

Prior to the passage of the Act of May 19, 1897, P. L. 67, limiting all appeals to six months from the entry of the sentence, order, judgment or decree appealed from, appeals in equity cases might be taken under the Acts of March 17, 1845, P. L. 158, April 21, 1846, P. L. 433, and February 14, 1857, P. L. 39, within three years from the entry of the decree, and they, therefore, came within the saving clause of that act. Equity appeals were not within the Act of April 1, 1874, P. L. 50, limiting appeals to two years.

A decree in equity was entered November 14, 1895. A rule for rehearing was discharged November 15, 1897, and an appeal taken November, 27, 1897. The Act of May 19, 1897, P. L. 67, limiting appeals to six months, provides that the act shall go into effect on July 1, 1897, and apply to cases then pending, with the saving clause that "the limitation of time herein provided for as against any party entitled to appeal from a sen-

tence, order, judgment or decree theretofore entered shall not begin to run until that date, if but for this act the right of appeal would have extended after that date beyond the times herein described." *Held,* that the appeal in this case was taken in time.

*Equity—Equity rules—Filing statement of errors in lower court.*

The Act of May 19, 1897, P. L. 67, relating to appeals, does not abrogate the equity rules which provides that an appellant must file in the court below " a statement of the errors he alleges to have been made by the decree appealed from." It seems, however, that the Supreme Court would permit the filing of such a statement nunc pro tunc in a case of mere oversight of counsel, and where no special hardship would be imposed on the other party.

*Equity—Findings of fact—Review—Judgment.*

On a bill in equity to declare a judgment invalid as fraudulent and collusive, the Supreme Court, although it might not have reached the same conclusion on an original hearing, will not reverse a finding of the trial judge that there was sufficient positive testimony to overcome the suspicion of fraud, when the whole case turns upon the credibility of the witnesses.

Argued May 24, 1898. Appeal, No. 419, Jan. T., 1897, by plaintiff, from decree of C. P. Perry Co., August T., 1895, No. 35, on bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Bill in equity to declare a judgment invalid, as fraudulent and collusive.

The court found as a fact that a judgment given on March 27, 1895, by John W. Forney to Franklin F. Forney, for $3,500, was not fraudulent, but was given for money loaned.

The court, LYONS, P. J., entered a decree dismissing the bill.

*Errors assigned* among others were (2) finding as above; (3) decree dismissing bill.

The appellee filed a motion to quash the appeal, assigning in support of the motion, (1) that no notice of the appeal was filed in the court below, nor any statement of the errors appellant alleges to have been made by the order or decree appealed from, or the findings upon which it rests, and (2) that the appeal was not taken within the limitation prescribed by law.

*James M. Barnett,* with him *Charles A. Barnett,* for appellees. —Motion to quash the appeal. If it be true that prior to the act of 1897, the act of 1874 regulated appeals in cases such as the one at

bar, appellant had under this act two years from the entry of the decree or order of the court below within which to take his appeal. This would fix November 14, 1897, as the last day of the limitation. The Act of May 19, 1897, P. L. 67, sec. 23, would seem to forbid an appeal in this case after July 1, 1897, because the right of appeal under the act of 1874, would not have extended six months beyond that date. Its most liberal construction cannot extend the time beyond that allowed by the old law. But the certiorari did not issue from the Supreme Court until November 24, 1897, ten days after the limitation had expired under the act of 1874, and was not filed in the court below until November 27, 1897. It is therefore too late: Penn. Cent. Ins. Co. v. Gaus, 91 Pa. 103; Bair v. Black, 10 W. N. C. 156.

The motion for a rehearing, made December 15, 1896, cannot stay the running of the limitation: Lowenstein v. North Schuylkill Ins. Co., 132 Pa. 410; Cassville Borough Road, 4 Pa. Superior Ct. 514.

No appeal lies to the refusal of the court below to grant a new trial or a rehearing: McKenney v. Fawcett, 138 Pa. 344; Com. v. R. R., 165 Pa. 44.

*William H. Sponsler*, for appellant, contra.

OPINION BY MR. JUSTICE MITCHELL, July 21, 1898:

There is a preliminary motion to quash this appeal. The decree was entered November 14, 1895. On December 15, 1896, on petition of the plaintiff, a rule for a rehearing was granted which was discharged on November 15, 1897. This appeal was taken November 27, 1897. The rule for rehearing did not stay the running of the time within which the appeal could be taken: Ins. Co. v. Gaus, 91 Pa. 103; Lowenstein v. Ins. Co., 132 Pa. 410. The Act of May 19, 1897, P. L. 67, in sec. 4, limits all appeals to six months from the entry of the sentence, order, judgment or decree appealed from, and, in sec. 23, provides that the act shall go into effect on July 1, 1897, and apply to cases then pending, with a saving clause however that " the limitation of time herein provided for as against any party entitled to appeal from a sentence, order, judgment or decree theretofore entered shall not begin to run until that date, if but for this act the right of appeal would have extended after that date beyond the times herein prescribed." This gives an

appellant six months from July 1, 1897, if under the former statute upon which he might have been relying he would have had more than six months from that date. Appellee contends that this case is within the Act of April 1, 1874, P. L. 50, limiting appeals to two years, and if so this appeal is too late, for the two years from the decree expired on November 14, 1897. The language of the act of 1874, "no fine or common recovery, nor any judgment in any real, personal or mixed action, nor any appeal from the register's court shall be avoided," etc., if it is regarded by itself, might be treated as broad enough to include decrees in equity proceedings though not named expressly. But it is clear that it was not so intended. The act is a supplement to the act of April 13, 1791, and follows its wording closely, but reduces the time from seven to two years. The act of 1791 did not apply to proceedings in equity, which was not then recognized as a separate jurisdiction, and when the supplement of 1874 was passed there was already a statutory limitation fixed for such appeals. The Acts of March 17, 1845, P. L. 158, April 21, 1846, P. L. 433, and February 14, 1857, P. L. 39, prescribed the same period as that fixed by existing laws for appeals from the orphans' court, which by the Act of March 29, 1832, sec. 59, P. L. 190, was three years. Appellant therefore under the previous statutes would have had three years from November 14, 1895, and came clearly within the saving clause of the act of 1897, and his appeal being entered within six months from July 1, 1897, was in time.

It is further urged in support of the motion to quash that appellant has failed to comply with the rules of this Court in regard to equity practice, by not filing in the court below "a statement of the errors he alleges to have been made by the decree appealed from," etc. See Equity Rules, 159 Pa. xxviii. This objection is well taken. The rules were prescribed under authority of the statute, and have the force of law. They are not abrogated by the subsequent act of 1897. It is true that act repeals all prior acts intended to be changed or supplied by it, so that, as is provided in section 22, it "shall furnish a complete and exclusive system in itself on all appeals," but it was not thereby intended to interfere with the rules of equity practice either in the courts of first instance or here. The time, manner, conditions and effect of taking an appeal are regulated, but the practice thereupon in regard to assignments of error, hearings,

paper-books and other matters which are the subject of rules of court is not affected by the act.

This default however is not necessarily fatal to the appeal, and in a case of mere oversight of counsel, and where no special hardship would be imposed on the other party, we should be disposed to permit the filing of the statement nunc pro tunc.

An examination of the case on the merits however has not persuaded us that there is sufficient ground for reversal. The whole controversy turns on a question of fact. It is a bill by the holder of a judgment to have a prior judgment declared fraudulent and void for want of consideration and for intent to hinder and delay him. The issue and the material facts lie in a narrow compass. Plaintiff being the holder of a judgment note against J. W. Forney, one of the defendants, avers that he refrained from entering it on the agreement of the debtor not to give any other judgment, but the debtor in violation of his promise, without consideration, and for the sole purpose of defrauding plaintiff, gave his brother, F. F. Forney, the other defendant, a collusive judgment, which was at once entered up as a lien against the debtor's land, making plaintiff's judgment subsequently entered practically worthless. The learned judge found against the plaintiff on both points, first, that there was no such agreement by the debtor not to give any other judgment, and, secondly, that the second judgment was not fraudulent, but was given for value, and was and is a valid judgment. On the latter point the judge finds that the circumstances "are unusual and singular, and sufficient to raise in the mind a very strong suspicion of fraud and collusion between the defendants." But nevertheless he finds that the evidence is sufficient to overcome the suspicion. The testimony as to the possession of the money by F. F. Forney, and its loan to his brother, was direct and positive, though from interested witnesses. The whole case turns on its credibility, and the judge with full appreciation of the necessity of clear proof under the suspicious circumstances, found it credible and convincing. He had the advantage of having the witnesses before him, and though we might not have reached the same conclusion on an original hearing, yet we are not convinced that it was erroneous. It would serve no useful purpose to review the evidence in detail.

Decree affirmed.