### Estate of William Frazier. Appeal of John Yeany.

*Appeals — Statute limiting time — Motion for rehearing does not toll
statute.*

An appeal not taken within six months from date of final decree will be
quashed. A motion for a rehearing and proceedings thereon does not have
the effect of tolling the statute, there having been no stay of proceedings
pending the rule.

Argued May 3, 1898. Appeal, No. 196, April T., 1898, by
John Yeany, from decree of C. P. Clarion Co., Nov. T., 1893,
No. 292, in distribution of the assigned estate of William Fra-
zier. Before RICE, P. J., WICKHAM, BEAVER, REEDER, OR-
LADY, SMITH and PORTER, JJ. Appeal quashed.

Exceptions to distribution of the account of a trustee of an
assigned estate. Before CLARK, P. J.

It appears from the record that under an assignment for ben-
efit of creditors, proceedings were had for sale of real estate,
and a sale being had the controversy in the case at bar arose
over the distribution of the fund, amounting to $1,163.30,
which the auditor awarded to appellant's judgment. This
the court reversed awarding $726 thereof to appellees' judg-
ment for purchase money. The decree of distribution was filed
July 23, 1897. November 29, 1897, motion for a rehearing
filed. March 31, 1898, motion for rehearing refused. April 1,
1898, appeal taken to the Superior Court.

*Errors assigned* were to the action of the court sustaining
certain exceptions to auditor's report, and to the decree of the

Assignment of Errors—Opinion of the Court.    [7 Pa. Superior Ct.

court reversing the auditor in so far as he awarded the fund in distribution to the Yeany judgment.

*J. T. Maffett*, with him *S. K. Clarke*, for appellant.

*Cadmus Z. Gordon*, with him *Harry R. Wilson*, for appellees.

*B. J. Reid*, with him *F. J. Maffett*, for Robert McCloskey.

PER CURIAM, July 29, 1898:

There having been no stay of proceedings pending the rule to show cause, it did not stop the running of the statute, and the appeal must be quashed because it was not taken within six months from the date of the decree.

Appeal quashed.