## Woodward & Williamson's Assessment.

*Appeals—Record—Docket entries—Verity of record—Expiration of time to appeal—Questions not raised below.*

1. The record filed for purpose of appeal imports absolute verity. If incomplete or incorrect, amendment or correction must be sought by appropriate proceedings rather than by impeachment on the hearing in the appellate court.

2. Docket entries appearing in the record, must be accepted as a verity by the appellate court.

3. Where the docket entries show that a decree stood upon the record in the court below, unimpeached and unappealed from, for more than six months, it cannot be reversed on appeal.

4. Where a decree is unappealable, the discharge of a rule to show cause why it should not be opened, can give it no standing in the appellate court.

5. Where the determining factors on the errors assigned arise out of the record, a consideration of what if anything else, apart from the record, can be taken into account, does not arise.

6. Questions not raised in the court below will not be considered on appeal.

Argued May 16, 1922. Appeals, Nos. 252 and 253, Jan. T., 1922, by the County of Luzerne, from orders of C. P. Luzerne Co., Oct. T., 1919, Nos. 556 and 557, sustaining appeals from tax assessment In re Assessment of lands of Woodward & Williamson and of G. M. and Sheldon Reynolds' Estates. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Appeals from tax assessments. Before MAXWELL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Appeal sustained and assessment reduced. Luzerne County appealed.

*Errors assigned* were (1) decree, quoting it; (2) discharge of rule to open decree, quoting order, and (3) ruling on evidence, referred to in the opinion of the Supreme Court, quoting record.

*Thomas D. Shea,* with him *John H. Dando* and *Jonah A. Davies,* for appellants.—Under the Act of 1901, the appellate courts on appeal to them from tax assessments cannot limit themselves merely to an inspection of the record as on certiorari, but must review the judicial action of the court below on the evidence disclosed by the record: Rockhill I. & C. Co. v. Fulton County, 204 Pa. 44.

*F. W. Wheaton,* with him *P. F. O'Neill* and *L. B. Jones,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, June 24, 1922:

This is an anomalous proceeding. It arises out of the assessment of coal lands belonging to appellees located in the Borough of Edwardsville and City of Wilkes-Barre, Luzerne County. While the nominal appellant is the County of Luzerne, the real appellants are the Borough of Edwardsville and the school district thereof. The complaint is against a decree of the court below reducing the assessments of appellees' coal lands, and the proceeding we are called upon to review, results from a petition to open that decree upon which the court granted a rule to show cause; this rule it subsequently discharged. The errors assigned are: (1) the original decree; (2) the refusal to open it; (3) the refusal of appellant's offer of the testimony of experts to show the value of the land.

At the threshold of inquiry, appellees raise the question that, as the statute authorizing an appeal to this court in a tax assessment case is the Act of June 26, 1901, P. L. 601, which provides for appeals only by "an owner of real estate or taxable property," appellant is before us on certiorari: Schmuck v. Hartman, 222 Pa. 190. As the determining factors on the errors assigned arise out of the record, a consideration of what if anything else, can be taken into account does not arise. For the same reason, it is not necessary to decide what, if any, bearing the

Act of April 18, 1919, P. L. 72, might have on the proceeding, nor the effect of the Act of May 10, 1921, P. L. 441, approved while the case was pending in the court below, authorizing boroughs, townships, school districts and poor districts to appeal from assessments.

The record exhibits docket entries, which must be accepted as verity; they show appellant without standing to invoke the relief it asks. An appellant is estopped from alleging anything in contradiction of the record: Hoar v. Flegal, 1 Penny. 208; Taylor v. Com., 44 Pa. 131; Beringer v. Lutz, 179 Pa. 1. "The record filed for the purpose of appeal imports absolute verity. It is the sole, conclusive, and unimpeachable evidence of the proceedings of the lower court. If incomplete or incorrect, amendment or correction must be sought by appropriate proceedings rather than by impeachment on the hearing in the appellate court": 4 Corpus Juris 512. Instead of applying to the court below to amend the record, appellant asks us to disregard it; this manifestly we cannot do.

The docket entries show that on September 30, 1920, a decree was filed by the court below reducing the valuation of the lands in question from $1,135,499 to $401,-220; that not until March 23, 1921, was appellant's petition for rehearing filed—seven days before the time for taking an appeal to this court would have expired. The same day, an order was made, permitting the filing of the petition, with direction that all proceedings should be stayed in the meantime. The only possible effect of this stay was to postpone the running of the time for taking an appeal. May 31, 1921, the record recites that the decree and adjudication were vacated, opened and set aside and petitioner granted a rehearing. It is unnecessary to consider whether the court had power to make this order, for, on June 7, 1921, it was in turn revoked, the decree reinstated, and a rule granted on appellee to show cause why it should not be opened. On this latter date, the stay ended and, seven days thereafter, viz, on

June 14, 1921, the six months' period expired within which an appeal had to be taken to the original decree, if this court was to consider the objections to it. November 19, 1921, the rule to show cause was discharged and on November 28, 1921, the certiorari from this court was filed, upon which we are asked to review, not only the discharge of the rule to show cause, but the original decree. As that decree stood upon the record of the court below, unimpeached and unappealed from, for more than six months, we cannot review it. The final decree being unappealable, the discharge of appellant's rule to show cause why it should not be opened can give it no standing here.

Appellant's endeavor to avoid the effect of the record by the allegation in its petition, and by testimony, that the decree was not filed of record on September 30th, but sometime in the following February, is unavailing, as the record shows that it was filed on the former date; the court below in its opinion confirms this.

The basis of the petition to reopen was an allegation of fraud committed upon the court; it, however, found appellant had failed to establish any fraud whatever.

While the argument before us took a wide range, what has been said disposes of everything we can consider. Some of the questions discussed were not raised in the court below and therefore will not be considered on appeal: Isett v. Maclay, 265 Pa. 165, 170.

The assignments of error are overruled and the decree and order of the court below affirmed at appellant's cost.