## Levine et al., Appellants, *v.* Roth et al.

*Practice, C. P.—Statutory demurrer—Amendment of statement —Discretion of court—Abuse of discretion—Act of May 14, 1915, section 20, P. L. 483—Appeals.*

1. Where a question of law raised by an affidavit of defense in the nature of a demurrer is decided against plaintiffs, the allowance of an amendment to the statement of claim, is, under section 20 of the Act of May 14, 1915, P. L. 483, left to the discretion of the court, and the exercise of such discretion, will not be re-' versed except for plain abuse.

*Practice, C. P.—Discharge of rule to vacate judgment—Amendment of statement—Appeal—Time for appeal—Record.*

2. Where the court discharges a rule to vacate a judgment entered on statutory demurrer against plaintiffs, and to permit plaintiffs to amend their statement of claim, the six months' period in which to take an appeal runs not from the date of the discharge of the rule, but from the date when the judgment was entered against plaintiffs.

3. If the petition to vacate the judgment and allow amendment fails to set forth the changes which plaintiffs desire to make in their pleadings, there is nothing on the record to convict the court below of error.

Argued October 18, 1922. Appeal, No. 196, Oct. T., 1922, by plaintiffs, from order of C. P. Allegheny Co., Oct. T., 1921, No. 22, discharging rules to vacate judgment and permit plaintiffs to amend statement, in case of Samuel J. Levine et al. v. Jacob Roth and the Pittsburgh State Bank. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rules to vacate judgment and permit plaintiffs to amend statement of claim. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Rules discharged. Plaintiffs appealed.

*Errors assigned* were (1) entry of judgment for defendant, and (2) order discharging rule to vacate, quoting record.

A. O. *Fording,* with him A. L. *Silverman,* for appellants.

*John C. Bane,* with him *Frank R. S. Kaplan,* for appellee.

PER CURIAM, January 3, 1923:

Appellants specify two alleged errors: (1) an order, dated December 1, 1921, entering judgment for defendants under section 20 of the Act of May 14, 1915, P. L. 483; and (2) an order, dated May 19, 1922, discharging a rule to vacate the judgment and permit plaintiffs to amend their statement of claim.

Complaint is made that the judgment was entered on affidavits of defense in the nature of demurrers, without special notice to counsel for plaintiffs, and without allowing them an opportunity to amend. The section of the Practice Act, above referred to, provides that, when questions of law are raised by affidavit of defense, they may be "set down for hearing and disposed of by the court," and that, inter alia, "the court may enter judgment for defendant, or make such other order as may be just." After this, there is a provision that, if the court decides the questions of law against defendant, "he may file a supplemental affidavit of defense," but nothing is said as to allowing amendments to plaintiff's statement of claim, when such questions of law are decided against him; that is left within the discretion of the court below, and, when review of the exercise of this discretion is sought on appeal, a plain abuse must appear to warrant reversal.

Here, the appeal was not taken until August 5, 1922, more than six months after the date of final judgment. Plaintiffs now endeavor to bring the case within the six

months' period, allowed by law for an appeal, by assigning, under their second specification of error, the discharge of the above-mentioned rule to set aside the judgment, and by counting the six months from May 19, 1922, the date of such discharge. Then, having thus attempted to establish their appeal, they seek to raise points relevant to their first specification of error; but the time for appeal cannot be extended, and the questions adjudicated in the original judgment brought up for review, in this way (Opening of Parkway, 267 Pa. 219, 225, 226; In re Assessment of Lands of Woodward & Williamson and the Reynolds Estate, 274 Pa. 567), which is all that need be said concerning the first assignment of error. As to the second assignment, plaintiffs' petition, in support of the rule to vacate the judgment and allow amendments, fails to set forth in any manner the changes which appellants desire to make in their pleadings; in short, there is nothing on the record, properly before us, to convict the court below of error.

The appeal is dismissed.