## Flick v. Evans Electrical Company.

*Husband and wife—Interest of husband in wife's business—Purchase by husband of machinery for wife's business—Recovery of damages by husband —Statement—Sufficiency of—Amendment—Practice—Two affidavits raising points of law—Practice Act of May 14, 1915.*

1. A business conducted by a wife is presumably hers, and especially so where the husband, as plaintiff in a suit involving such business, does not assert that the business was his or was conducted by her for his benefit, and in a suit for the price paid and damages incurred by reason of the alleged failure to work properly of a refrigerating machine bought by him for the confectionery store conducted by her, he cannot recover that portion of his claim made up of rent for the store, cost of electrical current consumed and the loss on ice cream and the loss of general business at the store.

2. Under the Practice Act of May 14, 1915, P. L. 483, a plaintiff cannot object that two affidavits raising a question of law were filed, as the defendant can at any time ask leave of the court to file additional reasons, and such second affidavit can be considered as an amendment to the original one.

3. Under the Practice Act of May 14, 1915, P. L. 483, the matter of allowing amendments to the plaintiff's statement, when questions of law raised by affidavit are decided against him, is left to the discretion of the court. In this case, the plaintiff should be allowed to file an amended statement showing items of claim due to him alone as distinct from his wife.

Affidavit of defence raising questions of law. C. P. Lancaster Co., Aug. T., 1925, No. 166.

*John N. Hetrick* and *John E. Malone*, for plaintiff.

*Charles W. Eaby* and *John A. Coyle*, for defendant.

LANDIS, P. J.—The plaintiff in this case brought suit to recover from the defendant company the sum of $3689.82, with interest from certain dates. The statement alleges that the parties entered into a written contract,

Flick v. Evans Electrical Company.

whereby the defendant agreed to install for the plaintiff a refrigerating plant at the store and ice-cream parlors conducted by the plaintiff's wife on North Duke Street, and also to install at the same place a water-cooler, complete, for drinking purposes. This work was to be done according to certain plans and specifications. It is averred that, by inadvertence, the plaintiff signed the agreement and specifications where the witness should have signed, and his wife, Ida M. Flick, signed on the line where he (the plaintiff) should have signed; but that the plaintiff paid for said work.

The affidavits of defence assert that the plaintiff has not set forth a sufficient cause of action.

The plaintiff raises the point that two affidavits raising this question of law were filed, and that one should have first been withdrawn before the second was filed. The 20th section of the Practice Act of May 14, 1915, P. L. 483, provides that "the defendant in the affidavit of defence may raise any question of law without answering the averments of fact in the statement of claim, and any question of law so raised may be set down for hearing and disposed of by the court." This has been called a statutory demurrer. The facts as set forth in the statement are conceded by it to be true; but it is alleged that, upon their face, they set forth no cause of action. While, then, the filing of two affidavits of defence for this purpose is not entirely regular, yet I see nothing in the act to prevent its being done, and certainly it cannot harm the plaintiff. If the defendant had requested leave of the court to file additional reasons, that permission would certainly have been given; and that leave can be granted now, and the second affidavit can be considered as an amendment to the original one, and all objections can thus be heard. We think that objection ought not to be sustained.

It is averred in the statement that "the defendant agreed to install for the plaintiff a certain refrigerating plant, appliances, &c., at the candy store and ice-cream parlors conducted by the wife of the plaintiff." It is true that the plaintiff had a right to make such a contract for the benefit of his wife; but, as the business was conducted by the wife, presumably it was hers, and especially is this so as he does not allege that the business was his and that she was conducting it for his benefit. If it was hers, he certainly could not recover any part of the item, so far as it is made up of rent for store-room, amount paid for electrical current consumed, loss on ice cream and loss of business. Then, too, whether he can recover the items for the removal and sale of the plant is doubtful.

As to his claim for the recovery of the purchase money paid, namely, $1398, it is objected that he did not make the contract, but that it was made by his wife. If she conducted the business, it was only proper that she should sign as the purchaser, and that would appear on the face of the agreement to have been the understanding of the parties. He, however, now alleges that she signed where she did sign by mistake, and that he also signed as witness by mistake. While this assertion may seem improbable, yet, nevertheless, he asserts it, and he is entitled at the present time to his claim as he makes it.

However, we are of the opinion that the statement as a whole is faulty. Section 5 of the Practice Act declares that "every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim or defence, as the case may be, but not the evidence by which they are to be proved, or inferences or conclusions of law, and shall be divided into paragraphs, numbered consecutively, each of which shall contain but one material allegation." An inspection shows that this is what the plaintiff did not do.

Flick *v.* Evans Electrical Company.

The statement is not only not clear in its facts, but it is also so involved and mixed up that it is difficult to determine whether the plaintiff has a cause of action, and, if so, for what amount. The question then arises as to what, in such cases, is the remedy. In Levine *v.* Roth, 276 Pa. 244, the Supreme Court said: "The section of the Practice Act (of 1915) . . . provides that when questions of law are raised by affidavit of defence, they may be set down for hearing and disposed of by the court, and that, *inter alia,* the court may enter judgment for defendant, or make such other order as may be just. After this, there is a provision that, if the court decides the questions of law against defendant, he may file a supplemental affidavit of defence, but nothing is said as to allowing amendments to plaintiff's statement of claim when such questions of law are decided against him; that is left within the discretion of the court below, and when review of the exercise of this discretion is sought on appeal, a plain abuse must appear to warrant reversal." See, also, Levine *v.* Pittsburgh State Bank, 281 Pa. 477.

We are of the opinion that, under the circumstances, this remedy should be applied, and that the plaintiff should be allowed to withdraw the statement filed and to file a statement in distinct and certain form, if he can, of items of claim maintainable by him which show a good cause of action in him alone. To this extent, the affidavits of defence are sustained, and an order to this effect is accordingly entered.

From George Ross Eshleman, Lancaster, Pa.