Philadelphia Suburban Transportation Company,
Appellant, *v.* DiFrancesco et al.

Argued April 14, 1949. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*J. Allen Hodge,* with him *D. Malcolm Hodge* and *Hodge, Hodge & Balderston,* for appellant.

*Wm. J. MacCarter, Jr.,* with him *Fronefield Crawford, C. William Kraft, Jr.,* and *MacCarter & Crawford,* for appellees.

OPINION BY MR. JUSTICE LINN, May 23, 1949:

The plaintiff appeals from an order granting a new trial. The decision turns on a point of procedure and not on whether there was abuse of discretion in granting the new trial, the point usually presented in appeals from such orders. The plaintiff transportation company sued to recover for damage to its trolley car resulting from collision with defendants' concrete-mixer truck. The jury found for plaintiff. Defendants' motions for judgment n. o. v. and for a new trial were overruled by the court in banc and judgment on the verdict was entered January 5, 1948, during the December term of the court below. Thereafter on March 25, 1948, during March term, the December term order, refusing a new trial and directing judgment on the verdict, was superseded by an order granting a new trial, the order chal-

lenged by the present appeal. The question is whether the trial court had sufficient control of the judgment during March term to enable the court then to grant a new trial.

Rule 209 of the common pleas of Delaware County provides, "There shall be four terms of court to be known as the March, June, September and December terms, commencing respectively on the first Monday of March, June and December and the third Monday of September, and each continuing until the beginning of the following term."

On February 13, 1948, in December term, after their new trial motion had been dismissed and judgment had been entered on the verdict for plaintiff, defendants petitioned the court for "a rule to show cause why the court should not hear re-argument of the motions of the defendants for judgment n. o. v. and a new trial." On that petition the court granted a rule to show cause, returnable March 1, 1948. No stay of proceedings was granted nor did the court set aside its order of January 5 refusing the new trial motion. The judgment remained undisturbed. On February 28, the plaintiff answered the rule. Thereafter the court made an order that "the defendants above named, having presented a petition to show cause why the court should not hear reargument of the defendants' motions for judgment n. o. v. and for a new trial, and the court having allowed a rule thereon returnable March 1, 1948, and the matter having come on for argument before the court en banc, it is ordered, adjudged and decreed that the said rule be and the same is hereby made absolute, and the court will hear reargument of the said motions on Tuesday, March 9, 1948, at 10:00 o'clock A. M." In other words, the court in the March term, decided to hear reargument on March 9th. The effect of the rehearing was to reinstate the motion for a new trial. Meanwhile, in the absence of a stay of proceedings, the order refusing a new trial and the

judgment entered January 5, pursuant thereto, remained in effect.

According to the common pleas rule 209, the March term of the court began on Monday, March 1, 1948. The situation presented by the record on March 2nd was (1) that during December term judgment had been entered and, with the ending of the term, had passed out of the control of the court at the end of that term; and (2) that during the next, or March, term, the court ordered rehearing of the motion finally disposed of in the preceding term. On March 2nd, when the court allowed the reargument of the new trial motion the court had lost control of the judgment entered during the preceding term, *Fisher v. Railway Co.*, 185 Pa. 602, 40 A. 97 (1898), except for causes not involved in this case, such, for example, as extrinsic fraud, *Fisher v. Railway Co.*, supra, at 604; *Zeigler's Petition*, 207 Pa. 131, 56 A. 419 (1903); *York County v. Thompson*, 212 Pa. 561, 61 A. 1024 (1905); or clerical error, *Stephens v. Cowan*, 6 Watts 511 (1837); *King v. Brooks*, 72 Pa. 363, 365 (1872); compare *Lingenfelter v. Coal Co.*, 84 Pa. 328, 332 (1877). The order of February 13th granting the rule to show cause contained no stay of proceeding or other reservation of control over the judgment, which therefore remained unaffected by the order granting the rehearing. Mere leave to argue that a rehearing should be granted did not reopen the order of January 5 refusing a new trial: *Dean v. Munhall*, 11 Pa. Superior Ct. 69 (1899). After hearing reargument in March term the court made an order granting defendants' motion for a new trial. Such an order, if in time, would of course have set aside the verdict and judgment: *Giles v. Ryan et al.*, 317 Pa. 65, 69, 176 A. 1 (1935); but the order was too late and was ineffective for any purpose: Compare *Com. ex rel. Billman v. Burke*, 362 Pa. 319 66 A. 2d 251. It was ineffective because the court had

not, during December term, reserved power to extend or project its control over the verdict and judgment into March or any subsequent term. If for example, during December term, the court had granted the reargument and reinstated the motion for a new trial, the case relied on, *Kingsdorf v. Frank Gamburg, Inc.*, 147 Pa. Superior Ct. 84, 24 A. 2d 140 (1942), would be in point, but the reargument was not granted until March term. There is an essential difference between granting a rehearing of a motion for a new trial that has been dismissed and reinstating a motion for a new trial with leave to argue it a second time. Dismissal of a motion for a new trial will support the entry of judgment; the mere allowance of a rehearing will not affect the judgment unless the court retains control, as, for example, by staying all proceedings meanwhile: compare *Frazier Estate*, 7 Pa. Superior Ct. 473, affirmed in 188 Pa. 415, 41 A. 528 (1898); *Barlott v. Forney*, 187 Pa. 301, 41 A. 47 (1898); *Woodward & Williamson's Assessment*, 274 Pa. 567, 118 A. 552 (1922); cf. *Fenerty Disbarment Case*, 356 Pa. 614, 619, 52 A. 2d 576 (1947).

The case relied on to support the order, *Kingsdorf v. Frank Gamburg, Inc.*, supra, when carefully examined, supports the appellant. On page 87, the opinion of the Superior Court states, "On January 23, 1940, within the term of the entry of the judgment, the defendant obtained a rule to show cause why a reargument of the rule for a new trial should not be granted, on the ground of after-discovered evidence, including. . . . Following an answer filed by the plaintiff to this rule, and the taking of depositions in support of it, and oral argument on the rule, the court, on March 30, 1940, made the rule absolute and granted a new trial. 'The motion having been made within the term, no objection can be made that it was not finally disposed of until a subsequent term': Lance v. Bonnell, 105 Pa. 46." On page 90, in

discussing "the effect of the granting of a new trial," the opinion states, "In this connection, it must be remembered that a motion for a new trial was filed within four days after the verdict was rendered, and that the motion for a reargument of this rule was made within twelve days after the rule had been discharged and eleven days after the entry of judgment and the issuance of an attachment execution thereon, and *within the term of the judgment.* A motion for a new trial may be allowed any time within the term, and if the motion is filed within the term, it may be disposed of at a subsequent term. . . ."

We have examined the record in that case and we find that on defendant's petition "a rule is granted to show cause why a reargument should not be granted . . . *and why a new trial should not be granted . . . because of after discovered evidence . . .*" (italics supplied). It will be observed that the order involved more than mere leave to reargue. The rule ordered two things: first, to show cause why the reargument of the first motion for a new trial should not be had; and, second, something not involved in the first motion for a new trial and, in fact originating thereafter, to show cause *why a new trial should not be granted on the ground of after-discovered evidence.* The court, in the second quotation made above from the opinion uses the words "the motion for a reargument of this rule." While that phraseology identified the rule, it did not mention the rule to show cause why a new trial should not be granted for after-discovered evidence, a reason not considered in the first motion; it was on this second ground that the trial court had granted the new trial. The order to show cause why there should not be reargument did not, of itself, continue the control of the court into the next term but the order to show cause why there should not be a new trial for after-discovered evidence, did continue the power of the court because the order was made during the term in which the judgment was entered.

In the case at bar, unlike the procedure in the *Kingsdorf* case, the court granted a rule to show cause why the court should not hear reargument, not a rule to show cause why a new trial should not be granted. The court may at any time during the term grant a new trial, or at a subsequent term, if the court has properly retained control over the judgment. But unless such control has been reserved, the law prohibits action after the term, unless, as the cases cited above show, there is extrinsic fraud, clerical error, or the like. A defeated party cannot set aside this limitation on the court's power by applying for and obtaining a rule to show cause why a rehearing should not be had, returnable at some future term, without also obtaining a stay of proceedings. The question has most frequently been presented in applications for rehearing followed by appeal taken after the expiration of the statutory time fixed for appeals. A motion for reargument does not extend the time for appeal: *Real Estate & Mortgage Co. v. Duquesne Light Co.,* 99 Pa. Superior Ct. 222 (1930); see *Wise v. Cambridge Springs Borough,* 262 Pa. 139, 104 A. 863 (1918); nor do applications to allow appeals nunc pro tunc, to rehear, vacate or set aside final orders: *Com. v. LeGrand,* 336 Pa. 511, 9 A. 2d 896 (1939); *Levine et al. v. Roth et al.,* 276 Pa. 244, 120 A. 115 (1923); *Woodward & Williamson's Assessment,* 274 Pa. 567, 118 A. 552 (1922); *Sherwood's Estate,* 206 Pa. 465, 56 A. 20 (1903); *Frazier's Estate,* 7 Pa. Superior Ct. 473, affirmed in 188 Pa. 415, 41 A. 528 (1898); *Wesner's Estate,* 139 Pa. Superior Ct. 314, 11 A. 2d 521 (1939).

The order granting the new trial is reversed and the record is remitted with instructions to reinstate the judgment for the plaintiff.