## Lulis Estate (No. 2)

Before Valentine, P. J., Aponick and Flannery, JJ.

*W. F. Farrell*, for claimant.

*Joseph Mieszkowski*, for guardian.

*H. J. Sieber*, for Veterans Administration.

VALENTINE, P. J., September 24, 1951.—On May 15, 1951, by opinion filed (concurred in by Judges Aponick and Flannery), an order was made directing the Miners National Bank of Wilkes-Barre, guardian of John A. Lulis, to pay the Commonwealth of Pennsylvania the sum of $1,429.90, for expenses incurred

for the past support, maintenance and care of said ward: Lulis Estate (No. 1), 77 D. & C. 118.

On August 14, 1951, a petition was presented on behalf of the Veterans Administration praying that it be allowed to intervene as an interested party, and to file exceptions nunc pro tunc to the decision and order of May 15, 1951. That the matter might be given full consideration, a rule to show cause why the prayer of the petition should not be granted was made returnable September 13, 1951, on which date the rule was argued before the court en banc.

The stipulation of counsel for the Veterans Administration is as follows:

"1. That the Commonwealth's original petition and rule to show cause was submitted to the attorneys for the Veterans Administration by the attorney for the guardian in February 1951, shortly after service of the same upon the guardian.

"2. The attorney for the guardian submitted his answer to the attorneys for the Veterans Administration for study and recommendation before the same was filed, and discussed the law applicable to the case.

"3. An attorney for the Veterans Administration had advance knowledge that the case was listed for argument court and was present in court during the argument of the case on April 17, 1951.

"4. A copy of the court's adjudication was given to the Veterans Administration by the attorney for the guardian immediately after it was handed down on May 15, 1951.

"5. The Veterans Administration was advised by the attorney for the guardian that it had filed exceptions to the adjudication on May 25, 1951."

The order of May 15, 1951, was a final one. It was made during the July term of court. That term ended July 11th, on which date the October term began. The present application was not made until the beginning

of the October term, at a time when the court lacked authority to change the prior order: Pennsylvania Stave Company's Appeal, 225 Pa. 178. The representatives of the Veterans Administration were entirely willing to leave the conduct of the case in the hands of the guardian. They were thoroughly familiar with every step taken by the guardian. It was only after the guardian, who had procured an exception, which paved the way for an appeal, decided to take no appeal, that the present application was made. The time for taking an appeal expired August 15, 1951, and no appeal could now be taken by the guardian or any other person or organization who might be a party to the record.

Counsel for petitioner urged, as a basis for reargument, that the decision in the instant case is contrary to that rendered by this Court in In re Kelly, 26 Luz. 377. The Kelly case was decided in 1931. The Pennsylvania Act of June 9, 1939, cited in the opinion, did not exist when the Kelly case was decided. Section 454a of the act upon which petitioner relies was passed August 12, 1935, and amended October 17, 1940. The more recent decisions, referred to in the opinion, construe section 454 (a) as not prohibiting reimbursement to States for funds spent in the care and support of mentally incompetent veterans. In view of this situation, it is quite apparent that the decision in the Kelly case, rendered 20 years ago, prior to the passage of the legislation here involved, can no longer be regarded as controlling. The order of May 15, 1951, was a final one. The statutory period for the filing of an appeal was not extended by the granting of the rule to intervene: Barlott v. Forney, et al., 187 Pa. 301; Assigned Estate of William Frazier, 188 Pa. 415; Bailey's Estate, 291 Pa. 421.

Therefore, now, September 24, 1951, the application is refused and the rule to intervene discharged.