## Weissman, Appellant, *v.* Weissman.

244

Argued November 17, 1955. Before STERN, C. J., STEARNE, BELL, MUSMANNO and ARNOLD, JJ.

*Harry O. Weinberg,* with him *Herbert H. Hadra, Maurice Freedman,* and *Robert H. Arronson,* for appellants.

*Nochem S. Winnet,* with him *Wesley H. Caldwell, Fox, Rothschild, O'Brien & Frankel* and *Roper & Caldwell,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, February 6, 1956:
Plaintiffs appeal from the decree of the court below, sitting in equity, which dismissed their complaint after hearing. The complaint sought reformation of a deed and an accounting for rentals. This is one of

a number of cases involving the parties and arising out of controversies over these and other properties.

In 1932 Abraham and Bertha Weissman, husband and wife, executed and had recorded a deed conveying a number of properties to "Rose Weissman, wife of Benjamin H. Weissman." The named grantee is one of the defendants in this action. Thereafter Meyer Weissman, son of the grantors, and who is the other defendant, handled the properties as agent. He had been in the employ of his father in the real estate business and had acted as agent in the handling of these properties prior to the conveyance now being contested. In 1952,—twenty years after the conveyance,—plaintiffs filed their complaint. Plaintiff Rose Weissman is the daughter of Abraham Weissman, now deceased, and of Bertha Weissman, the other plaintiff; and defendant Rose Weissman is a daughter-in-law of the grantors.

Answers were filed by both defendants denying the allegations of the complaint, which were that defendant Meyer Weissman, though requested to prepare a deed conveying the properties to plaintiff Rose Weissman, had either inadvertently or fraudulently inserted defendant Rose Weissman's name.

On April 6, 1953, it was stipulated by the plaintiffs and defendant Rose Weissman that the latter was not intended to be the grantee, that she had no interest in the properties, and that the deed be reformed so as to correct the name of the grantee to read "Rose Weissman, daughter of Abraham Weissman" (the plaintiff). Although defendant Meyer Weissman had no notice of the stipulation or its presentation, the court entered a consent decree thereon. The proof was that defendant Rose Weissman received $2500 as consideration for so stipulating.

As soon as defendant Meyer Weissman learned of the stipulation and decree, he filed exceptions thereto and the matter was set for hearing. Sometime later, on February 23, 1955, but before the court's decision on the exceptions, defendant Rose Weissman delivered a quitclaim deed conveying the properties to plaintiff Rose Weissman. On April 29, 1955, the exceptions were overruled and the complaint dismissed. The court also vacated the decree of April 6, 1953, entered upon the stipulation.

The proof established that from the time of the conveyance to the date of the stipulation referred to, the defendant-grantee, Rose Weissman, had exercised a number of acts of ownership. It failed to establish any fraud or inadvertence in defendant Meyer Weissman in the preparation of the deed. Therefore the finding by the court below that the conveyance established a valid title in defendant Rose Weissman is unassailable and correct. A fortiori the conclusion that the decree entered upon the stipulation be vacated was entirely proper because that decree was, as stated by the court below, entered upon a mistake of law. As to defendant Meyer Weissman she could destroy or relinquish her rights by transfer. The court, having the matter in its hands for all purposes to final conclusion, had the unquestioned right and power to invalidate the interim decree which was improvidently entered without notice to defendant Meyer Weissman.

Contrary to appellants' contention, Equity Rule 1511(b) (which provides that "in all cases, the court shall enter an appropriate decree upon the judgment of default or admission and may take testimony to assist in framing the decree"), does not preclude the court below from vacating the invalid decree. Nor is *Philadelphia Suburban Transportation Company v. Di-*

*Francesco,* 362 Pa. 326, 66 A. 2d 254, controlling. In the cited case, the court had effectively lost control of the judgment sought to be overcome. Here the court retained control, and properly concluded that the decree was in error. In addition, defendant Meyer Weissman, though a party to the action and vitally interested in the outcome, was not notified of the proceeding which affected his interests. In equity and justice no order should be made that would prejudice his rights, without giving him an opportunity to be heard. Cf. *Byrne v. Dennis,* 303 Pa. 72, 79, 154 A. 123.

We cannot but conclude, however, that the defendant Meyer must be subjected to an accounting. It would serve no useful purpose to dismiss the instant complaint in that respect. The plaintiff Rose Weissman admittedly is now the record title holder; on the basis of the stipulation referred to she is entitled to the rights of a grantee from the date of the original conveyance, the therein named grantee having very effectively barred herself by the stipulation and thereafter having quitclaimed all of her interest in the premises. As it now stands, it is as though the plaintiff, a principal as of 1932, is seeking an accounting from her agent,—the defendant,—for all monies received by him on her behalf. Regardless of there being no fraud or other wrongdoing in the original conveyance, he yet owes the duty properly to account to his principal,— now the plaintiff Rose Weissman. To work out justice between all of the parties, equity demands that her rights in this regard be sustained, the court having jurisdiction of the parties and of the subject matter of the litigation.

We therefore reverse the decree and remand the case to the court below for entry of an order for an accounting, and for such further proceedings as may thereafter be necessary and proper. Costs to abide the event.