## Silver, Lovitz & Atkinson v. Scaltrito, Appellant.

254

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Donald M. Moser*, for appellant.

*Paul J. Duca*, for appellee.

OPINION BY PRICE, J., March 29, 1976:

On December 12, 1974, the appellees instituted an action in assumpsit by a complaint against the appellant to recover attorney's fees for legal services rendered. Appellant was served with a copy of the complaint on December 16, 1974. No answer to the complaint was filed, and a default judgment was taken by appellees on January 7, 1975. A petition to open the default judgment was filed on February 19, 1975, and denied by the lower court on February 27, 1975. On April 7, 1975, appellant filed a petition for reconsideration of her petition to open the default judgment, which was denied by the lower court on April 9. 1975. Appellant then filed an appeal with our court on April 22, 1975.

We do not reach the merits of this appeal because, for the following reason, it must be quashed. In *Baily Petition*, 365 Pa. 613, 618, 76 A.2d 645, 648 (1950), the court states:

"It is well settled that the mere allowance of a rule for reargument or for a rehearing will not affect a final judgment unless the court retains control, as for example, by staying all proceedings in the meanwhile: *Philadelphia Suburban Transportation Co. v. DiFrancesco et al.*, 362 Pa. 326, 66 A.2d 254 (1949). A motion for a rehearing and proceedings thereon do not have the effect of tolling the appeal statute where no stay of proceedings has been granted pending the rule: *Estate of William Frazier*, 7 Pa. Superior Ct. 473, aff'd 188 Pa. 415, 41 A. 528 (1898)."

Our court cites *Smith v. Jones*, 369 Pa. 13, 14, 85 A.2d 23, 24 (1951), for this same proposition in *Commonwealth v. Lord*, 230 Pa. Superior Ct. 96, 100, 326 A.2d 455, 457 (1974).

The Act of July 31, 1970, P.L. 673, No. 223, art. V, §502 (17 P.S. §211.502(a) ) provides that an appeal to this court "from any order shall be filed within thirty days of its entry." Appellant's petition to open the default judgment was denied on February 27, 1975. Since there was no stay of these proceedings by the lower court, the time for appeal on this case commenced on that date. Appellant's subsequent petition for reconsideration had no effect on the appeal period. *Smith v. Jones, supra.*

In a recent opinion, we have pointed out the necessity that an appeal comply with all statutory requirements and the inability of this court to allow, in the absence of fraud or its equivalent, an appeal filed after the statutory period has ended. *Commonwealth v. Lord, supra.*

It is clear that the appeal to this court, filed April 22, 1975, is well outside the statutory appeal period. On this basis the appeal must be, and is, quashed.