Loomis *v.* Philadelphia School District Board of Education, Appellant.

Argued March 16, 1953. Before Rhodes, P. J., Hirt, Reno, Ross, Gunther and Wright, JJ. (Dithrich, J., absent).

*C. Brewster Rhoads,* with him *Edward B. Soken,* for appellant.

*Augustus S. Ballard,* with him *Pepper, Bodine, Stokes & Hamilton,* for appellee.

*Lewis F. Adler,* for Pennsylvania State Education Association, amicus curiae.

OPINION BY HIRT, J., July 14, 1953:

Plaintiff is a teacher in the public schools of Philadelphia. As a professional employe he was required under his contract with the defendant school district to teach for a term of ten months in each school year. Plaintiff is also a Lieutenant Colonel in a Reserve Component of the United States Army. He was ordered by competent military authority to report for active training duty at a summer training camp for a period beginning June 11 and ending on July 1, 1950. Similarly he was ordered to active field training duty for a period from June 9 to July 7, 1951. The school year in 1950 ended on June 30, and in 1951 on June 26. He, on his request, was granted leave of absence by the school district for the period of his active training duty in 1950 and also in 1951, but without pay.

Plaintiff brought this action to recover his salary as a teacher for 15 days, and for only that part of the training period within the school year in 1950, amounting to $294 and for 15 days only, of the period of his

leave of absence in 1951, amounting to $345, on the authority of the Act of July 12, 1935, P. L. 677, 65 PS §114. That Act provides: "All officers and employes of the Commonwealth of Pennsylvania, or of any political subdivision thereof, members, either enlisted or commissioned, of any reserve component of the United States Army, Navy, or Marine Corps, shall be entitled to leave of absence from their respective duties *without loss of pay,* time, or efficiency rating *on all days not exceeding fifteen in any one year during which they shall, as members of such reserve components, be engaged* in the active service of the United States or *in field training ordered or authorized* by the Federal forces." (Emphasis added). The defendant Board of Education on behalf of the School District of the City of Philadelphia filed preliminary objections to plaintiff's complaint, questioning the constitutionality of the above Act. After hearing, the objections were dismissed, and judgment subsequently was entered for plaintiff in the amount of his claim for want of an affidavit of defense to the merits. The judgment will be affirmed.

Defendants' preliminary objections questioned the validity of the 1935 Act, supra, on two grounds. It was asserted that the Act violates (1) Article III, Section 7, of the Pennsylvania Constitution which prohibits "any local or special law . . . Granting to any . . . individual any special . . . privilege" and (2) Article III, Section 18, which provides: "No appropriations, except for pensions or gratuities for military services, shall be made for charitable, educational or benevolent purposes, to any person . . ." It is obvious that any violation of §18 under the facts of this case, will also fall within the prohibition of §7. In the approach to the question it must be borne in mind that only a clear violation of the Constitution can nullify an Act of

Assembly. *Tranter v. Allegheny Co. Authority et al.*, 316 Pa. 65, 173 A. 289.

Appellant relies strongly on *Kurtz v. Pittsburgh et al.*, 346 Pa. 362, 31 A. 2d 257 in which the constitutionality of a wartime measure—the Act of June 7, 1917, P. L. 600, as last amended by the Act of May 6, 1942, P. L. 106—was challenged. That Act, among the benefits conferred, provided that the dependent wives and children of regular public employes of the Commonwealth, on active duty in the armed forces of the United States, be paid during the absence of such employes in such service, one-half of the employee's former salary, not to exceed $2,000 per year. In disposing of the appeal in that case, the Supreme Court noted certain inequalities and anomalies in this provision of the law: The contemplated allowance to dependent kin was based not on the needs of the dependents but on the amount of the civil salary of the public employe before entering the war service; accordingly there was a variance in the amount of the allowances to like dependents since they were based upon civil salaries in different amounts; the allowances contemplated were only to dependents of public employes—dependents of professional men or even of employes who performed identical work in private enterprise, regardless of their need, would receive nothing; in the legislation no distinction was made between a public employe who had served for many years and one employed for only a brief period. The inability of municipalities to collect taxes on the real estate of those inducted into war service was also referred to as another element in the serious financial burden imposed by the Act. On these and other like considerations the Supreme Court found that the legislation utterly failed to meet the constitutional test of reasonable classification in that the classification was "not found-

ed upon pertinent and real differences but upon irrelevant and artificial ones". As class legislation, which Article III, section 7 was ordained to prevent, the payment of public funds under the Act and its amendments, was enjoined.

The 1935 Act with which we are concerned is not a gratuity for military service within the meaning of Article III, §18, for it does not apply to all who render military service but only to a limited class. But the classification of public employment as the basis for benefits under the Act is founded upon "real and not merely artificial distinctions". Cf. *Equitable Cr. & Dis. Co. v. Geier*, 342 Pa. 445, 449, 21 A. 2d 53. The majority opinion in the *Kurtz* case exhaustively defines the limits of reasonable classification in legislative enactments giving preferences to public employes. Consistent with the controlling principles there stated, the lower court in the present case properly concluded that the classification of the Act, affording equal benefits to all reservists, did not offend against either section 7 or section 18 of Article III of the Constitution. Unlike the situation presented in the *Kurtz* case the payment of moneys contemplated by the 1935 Act is to the public employee himself during a leave of absence of but 15 days and not to dependents for indefinite periods. In this respect the present appeal differs from the *Kurtz* case where the contemplated payment of public funds was for the benefit of one class, without any special corresponding benefit to be derived by the public from the members of the class intended to be benefited.

In principle this appeal has much in common with *Commonwealth ex rel. Graham v. Schmid*, 333 Pa. 568, 3 A. 2d 701, in which the constitutionality of Section 4407 of the civil service provisions of the Act of June 23, 1931, P. L. 932, 53 PS §12198-4407 was established.

Under that section of the Act it was held that the preference of a veteran over non-veterans was mandatory on the appointing power since his name appeared among the certified top four on the eligible list of those who had passed the prescribed civil service examination. The rationale of the decision was thus stated: "As a basis for appointment it is not unreasonable to select war veterans from candidates for office and to give them a certain credit in recognition of the discipline, experience and service represented by their military activity. No one should deny that these advantages are conducive to the better performance of public duties, where discipline, loyalty, and public spirit are likewise essential . . . Where the preferences reasonably and fairly appraise these advantages, there can be no question of illegal classification and arbitrary privilege". The same may be said of the classification of reservists and particularly those public school teachers who are beneficiaries under the 1935 Act. As to a teacher, the discipline and experience derived from intensive military training, reflected in his rank, not only should add to his stature in the estimation of his pupils but it also qualifies him for better teaching and thus for more effective public service. As applied to the facts in this case, therefore, the basis for placing reservists in one favored class is reasonable and proper since the benefits conferred are reflected in the quality of service in public employment sought to be obtained. Cf. *Iben v. Monaca Borough*, 158 Pa. Superior Ct. 46, 43 A. 2d 425.

Judgment affirmed.