Simpson *v.* Pennsylvania Turnpike Commission, Appellant.

336

Argued January 9, 1956. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Thomas C. Gawthrop*, with him *Harry C. Pepper,* *Edward Springer*, Deputy Attorney General and *Herbert B. Cohen,* Attorney General, for appellant.

*Joseph Neff Ewing*, with him *Joseph Neff Ewing, Jr.*, for appellees.

OPINION BY MR. JUSTICE JONES, March 13, 1956:

This appeal grows out of the condemnation by the Pennsylvania Turnpike Commission of a portion of the plaintiffs' farm in Uwchlan Township, Chester County, for use in the construction, operation and maintenance of the Turnpike's eastern extension highway. On petition of the plaintiffs the court below appointed viewers who, after a view and hearing, awarded the plaintiffs $15,500 damages. The Commission appealed

the award to the court below where, upon trial of the issue, the jury returned a verdict in favor of the plaintiffs of $14,600 including damages for delay in payment. The defendant moved for a new trial assigning, in support of its motion, several alleged trial errors. The learned court below overruled the motion, and the defendant thereupon took this appeal.

From the original record, now on file in this court, it plainly appears that judgment had not been entered on the verdict when the appeal was taken nor, for that matter, at any time thereafter. Consequently, the appeal is premature. An appeal does not lie from the refusal of a new trial but from the judgment entered subsequent to the court's disposition of after-verdict motions. Accordingly, any litigant, feeling aggrieved by a trial court's refusal of his motion for a new trial, should himself, if necessary, cause a judgment to be entered on the undisturbed verdict in order that he might properly perfect an appeal. The verdict fee which he would be required to pay would, if he should ultimately prevail, be taxed to his credit as part of the costs. As the instant appeal is obviously abortive, we cannot do otherwise than dismiss it.

Fortunately for the defendant, dismissal of the present appeal will not deprive it of anything that it might otherwise have enjoyed. Since a judgment could yet be entered on the verdict, a competent appeal could then be taken. The time for an appeal runs from the date of the entry of judgment. But, a further appeal is unnecessary in the circumstances and would serve only to delay further the plaintiffs' receipt of the damages due them. The lack of merit in the defendant's contentions is patent. In the opinion accompanying the order denying the defendant's motion for a new trial, the learned court below cogently and thoroughly disposed of all of the defendant's various contentions.

338

The reputed offering price, allegedly made by the husband (but promptly repudiated by the wife) for the jointly owned property some years prior to the condemnation, was properly excluded when offered by the defendant. Likewise, the testimony, which the defendant sought to inject into the case, as to the sale price of a piece of the remaining land several years after the condemnation was manifestly incompetent. *Berger v. Public Parking Authority of Pittsburgh,* 380 Pa. 19, 109 A. 2d 709, which the Commission cites, is not authority for any such post-appropriation proposition. For further answer to the argument that the Turnpike Commission enjoys the Commonwealth's immunity from liability for interest and, consequently, is not answerable in damages for delay in payment in a condemnation proceeding, see *Gitlin v. Pennsylvania Turnpike Commission,* 384 Pa. 326, 121 A. 2d 79. As the learned court below correctly recognized in the instant case, "even if the Commission be deemed to be the Commonwealth, which we do not grant, the case of Fidelity-Philadelphia Trust Company v. Commonwealth, 352 Pa. 143, is authority to the effect that such damages [i.e., for delay in payment] may be recovered against it."

Appeal dismissed.