## Hazle Township Supervisors' Appeal.

Argued January 11, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

642

*John E. Cotsack,* with him *Robert J. Gillespie,* and *Morton Gordon,* for appellants.

*Leroy Long,* for appellees.

OPINION BY MR. JUSTICE COHEN, March 20, 1962:

On the appeal of certain taxpayers of Hazle Township from the audit of the supervisors' accounts for the year 1957, the Court of Common Pleas of Luzerne County entered judgment against the supervisors, in January, 1961. In February, the supervisors petitioned the court to open the judgment and permit them to enter into a defense to the merits, and, further, to stay all further proceedings. Following an argument on the court's power to grant the rule which was held in March before the court en banc, an opinion was handed down denying the petition. The supervisors then filed exceptions which, after argument before the court were dismissed in July. This appeal followed.

Regarding the procedure for taking an appeal from the report of the auditors of a second class township, The Second Class Township Code provides that after judgment has been entered by the court of common pleas, "Any person interested may except to the rulings of the court, and may appeal therefrom to the Superior

or Supreme Court as in other cases." Act of 1947, July 10, P. L. 1481, §7, 53 PS §65562.

A similar provision is found in The First Class Township Code—Act of 1949, May 27, P. L. 1955, §24, 53 PS §56018. The prototype of the above provisions is found in the Act of 1901, May 11, P. L. 185, §1, 12 PS §1106 wherein is established the right and procedure of appeal from auditor reports which has been incorporated into all county, borough and township laws. It is, therefore, well engrained in the law of this Commonwealth that the time for appealing from a judgment entered in a court of common pleas from the report of the auditors is identical with the time limitation applicable in appealing other cases from a court of common pleas—three calendar months—Act of 1927, May 11, P. L. 972, No. 464, §1, 12 PS §1136.

It is equally clear that the statutory period cannot be extended by applying for a rule to open or vacate the judgment and assigning as error the discharge of such a rule, *Levine v. Roth,* 276 Pa. 244, 120 Atl. 115 (1923). The time for appeal from a judgment runs from the date of its entry, *Simpson v. Pennsylvania Turnpike Commission,* 384 Pa. 335, 337, 121 A. 2d 84 (1956), and not from the date of the discharge of such rule, *Levine v. Roth,* supra, unless there is an order staying proceedings pending consideration of the rule, *Chester School District v. Richardson & Luce, Inc.,* 320 Pa. 438, 182 Atl. 500 (1936). See generally, 9 Stan. Pa. Prac. §216, p. 173 (1936).

The time for appealing in this case, therefore, was three calendar months from the date that the judgment was entered in January, 1961—i.e., April, 1961. Consequently, this appeal filed in August, 1961, violates the Act of 1947 (53 PS §65562) into which is incorporated the three month limitation found in the Act of 1927 (12 PS §1136).

Appeal quashed.