Menyo, Appellant, *v.* Sphar.

Argued October 5, 1962.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Sanford S. Finder,* for appellants.

*Thomas L. Anderson,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 26, 1962:

This is a trespass action for personal injuries to a minor plaintiff, Richard Menyo, brought by his mother and father as parents and guardians, and in their own right. He claimed to have suffered the injuries to his leg and back when he was struck by a motor vehicle operated by the defendant-appellee, Catherine Sphar. The jury returned a verdict for the defendant, and plaintiff's motion for a new trial was dismissed by the court en banc. Plaintiffs appeal from the judgment which was entered on the verdict.*

On May 12, 1958, at approximately 7:00 o'clock p.m., defendant (who was 18 years of age and had a learner's permit and was driving with a licensed driver) was driving an automobile in a Northerly direction on McKean Avenue. At the intersection of McKean Avenue and Second Street, she *started* to make a left-hand turn. From that point on the evidence was conflicting. Plaintiffs contend that defendant failed to make the corner and hit the minor

---

* Too many members of the Bar mistakenly believe that the appeal is from an Order which dismissed their motion for a new trial, instead of from a judgment which was entered on the verdict: *Simpson v. Pennsylvania Turnpike Commission,* 384 Pa. 335, 121 A. 2d 84. Compare also *Hazle Township Supervisors' Appeal,* 406 Pa. 641, 180 A. 2d 232.

plaintiff, as well as the traffic light. Defendant testified that just as she started, after she had stopped her car, plaintiff jumped on to the street in front of her. The conflicting evidence was obviously a question for the jury and the trial Judge and the lower Court believed that the weight of the evidence was, as the jury found, for defendant.

The grant or refusal of a new trial by the lower Court will not be reversed by this Court in the absence of a clear abuse of discretion or an error of law which controlled the outcome of the case: *F. C. Haab Co., Inc. v. Peltz Street Terminals, Inc.*, 407 Pa. 276, 278, 180 A. 2d 35; *Bohner v. Eastern Express, Inc.*, 405 Pa. 463, 472, 175 A. 2d 864; *Segriff v. Johnston*, 402 Pa. 109, 114, 166 A. 2d 496. We find no abuse of discretion or error of law.

Judgment affirmed.