## Bodick *v.* Harcliff Mining Company, Appellant.

Argued November 8, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Michael J. Boyle,* with him *Alexander Unkovic, Edward P. Good,* and *Meyer, Unkovic & Scott,* and *Kountz, Fry & Meyer,* for appellant.

*John J. Kennedy, Jr.,* with him *Evans, Ivory & Evans,* for appellee.

OPINION BY HOFFMAN, J., December 8, 1965:

Plaintiff sued defendant in trespass. The jury returned a verdict for plaintiff. Defendant appealed to this court from orders of the lower court which refused its motions for judgment n.o.v. and for a new trial.

An appeal does not lie from the refusal of either a new trial or judgment n.o.v., but from the judgment entered subsequent to the court's disposition of after-verdict motions. *Simpson v. Pennsylvania Turnpike Commission*, 384 Pa. 335, 121 A. 2d 84 (1956).

The record in the present appeal reveals that judgment had not been entered on the verdict when the appeal was taken nor at any time thereafter. Consequently, the appeal is premature and must be quashed. *Denmon v. Rhodes*, 416 Pa. 568, 207 A. 2d 860 (1965); *Kersey Manufacturing Co. v. Rozic*, 205 Pa. Superior Ct. 551, 211 A. 2d 76 (1965).

The record is remanded to the Court of Common Pleas of Allegheny County without prejudice to the right to enter judgment on the verdict and to appeal therefrom to the proper court.

Appeal quashed and record remanded.

---

CONCURRING OPINION BY WRIGHT, J.:

It has been my consistent position that, if an appeal is technically premature merely because the parties neglected to formally enter judgment, it is wasteful, both for us and for the litigants, to require on our own motion an entirely new appeal. This approach only serves to delay the final disposition of the case, while presenting no new facts or issues for our consideration. In my opinion, we should pass on the issues as they are presented by the parties, and then remand the case with directions to enter judgment in accordance with our decision. However, I see no need to continue to note my dissent on this point. Although I still ad-

here to my original position, I will concur in the holding of the Court in this and future cases unless and until a majority of our Court or the Supreme Court of Pennsylvania adopts my view.