## Crawford, Appellant, v. Manhattan Life Insurance Company of New York.

Argued November 11, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*John M. Means,* with him *I. Martin Wekselman,* and *Smith & Hodel,* for appellant.

*G. Donald Gerlach,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY HOFFMAN, J., December 16, 1965:

This is an appeal from an order of the lower court in which it is ". . . ordered and decreed that judgment n.o.v. be entered in behalf of the defendant.. . ." This order does not enter judgment but, evidently, directs the prothonotary, or clerk of the court, to enter the formal judgment. Cf. *Watkins v. Neff*, 287 Pa. 202, 134 A. 625 (1926). The record in the present appeal reveals, however, that final judgment had not been entered when the appeal was taken nor at any time thereafter.

Our Supreme Court stated in *Hartigan v. Clark*, 401 Pa. 594, 602, 165 A. 2d 647, 651 (1960), that: "Where the court directs a judgment to be entered, intending that the prothonotary should enter the final judgment, there is not a final judgment until such judgment is actually entered in the appearance docket, Watkins v. Neff, supra [287 Pa. 202] '. . . We are therefore of the opinion that there could be no final judgment until it was entered in the Appearance Docket, and that the case was not appealable until then.' [citing cases]."

Since final judgment has not been entered in this case, this appeal is premature and must be quashed. *Bodick v. Harcliff Mining Company*, 207 Pa. Superior Ct. 159, 214 A. 2d 735 (1965); *Kersey Manufacturing Co. v. Rozic*, 205 Pa. Superior Ct. 551, 211 A. 2d 76 (1965).

The record is remanded to the Court of Common Pleas of Allegheny County without prejudice to the right to enter judgment and to appeal therefrom to the proper court.

Appeal quashed and record remanded.