Marvin Vending Corporation, to use, *v.* Bieber et al., Appellants.

Argued December 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Philip Shuchman,* for appellants.

*Lawrence Mazer,* for appellees.

OPINION BY ERVIN, P. J., March 24, 1966:

This was an action in assumpsit for an alleged breach of a vending machine contract. After a trial, the plaintiff obtained a verdict of $3,000.[1] The defendants filed motions for a new trial and for judgment n.o.v. The court below entered the following order: "AND NOW, this 10th day of June, 1965, after oral argument before the Court en banc and upon consid-

---

[1] The trial judge directed a verdict in favor of the defendants on their counterclaim but that verdict is not involved in this appeal.

eration of the brief filed, the motions for a new trial and judgment non obstante veredicto are refused." The defendants then appealed to this Court.

The record shows that there was no judgment entered on the verdict prior to the appeal. It follows that this appeal is premature.

It was said in *Simpson v. Pa. Turnpike Com.*, 384 Pa. 335, 121 A. 2d 84: "An appeal does not lie from the refusal of a new trial [or judgment n.o.v.] but from the judgment entered subsequent to the court's disposition of after-verdict motions. Accordingly, any litigant, feeling aggrieved by a trial court's refusal of his motion for a new trial [or for judgment n.o.v.], should himself, if necessary, cause a judgment to be entered on the undisturbed verdict in order that he might properly perfect an appeal. The verdict fee which he would be required to pay would, if he should ultimately prevail, be taxed to his credit as part of the costs. As the instant appeal is obviously abortive, we cannot do otherwise than dismiss it."

Scarcely a session of this Court is held without one or more cases of this nature appearing on the argument list. This involves useless time and expense to the attorneys involved, the court, the prothonotary and even the printing company which prints the paper books.

In a footnote to *Menyo v. Sphar*, 409 Pa. 223, 224, 186 A. 2d 9, Mr. Chief Justice BELL called the attention of the Bar to this requirement but in *Denmon v. Rhodes*, 416 Pa. 568, 207 A. 2d 860, he was required to apply the rule and quash that appeal because it was premature. See also *Bodick v. Harcliff Mining Company*, 207 Pa. Superior Ct. 159, 214 A. 2d 735.

All that my brother WRIGHT says in his concurring opinion is true. Notwithstanding the numerous opinions by both of our appellate courts, many lawyers apparently are not familiar with the rule. The majority feel that this additional opinion is therefore necessary for further notice to the Bar.

The record is remanded to the Court of Common Pleas of Montgomery County without prejudice to the right to enter a judgment on the verdict.

Appeal quashed and record remanded.

Concurring Opinion by Wright, J.:

It has been our proud boast, and rightly so, that we are following the recommendation of the Bar Association that unnecessary opinions should not be filed. Adoption of such a policy was imperative in view of our greatly increased case load. In 1953, my first year on this court, we disposed of 291 Journal numbers. The corresponding number for 1965 was 788. These figures do not include the many appeals which are processed without being formally called for argument.

It is my view that the opinion which is being filed in the instant case is entirely unnecessary. Judge Hoffman settled the question in *Bodick v. Harcliff Mining Co.*, 207 Pa. Superior Ct. 159, 214 A. 2d 735, filed December 8, 1965. All that is now required is a per curiam order such as was entered December 17, 1965, in *Toff v. Rohde,* No. 755 October Term 1965. I concur only in the result, and do so for the reason set forth in my concurring opinion in the *Bodick* case.