## Lynch v. Metropolitan Life Insurance Company, Appellant.

Argued May 4, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Arthur W. Leibold, Jr.*, with him *Barton J. Winokur, Owen B. Rhoads,* and *Dechert, Price & Rhoads*, for appellant.

*Tom P. Monteverde*, with him *Charles W. Woolever*, and *Schnader, Harrison, Segal & Lewis*, for appellee.

OPINION BY MR. JUSTICE JONES, September 27, 1966:

Subsequent to a jury verdict in favor of Averlean Lynch against Metropolitan Life Insurance Company (Metropolitan) in an assumpsit action in the Court of Common Pleas No. 7 of Philadelphia County, Metropolitan filed motions for judgment n.o.v. or, in the alternative, a new trial. On November 8, 1965, the court below entered an order dismissing Metropolitan's motions. From that order the instant appeal was taken.

*No judgment on the verdict has ever been entered.*[1] In the absence of such judgment no appeal lies. In *Menyo v. Sphar,* 409 Pa. 223, 224 (footnote), 186 A. 2d 9, we recently said: "Too many members of the Bar mistakenly believe that the appeal is from an Order which dismissed their motion for a new trial, instead of from a judgment which was entered on the verdict: [citing authorities]." See also: *Denmon v. Rhodes,* 416 Pa. 568, 569, 207 A. 2d 860; *Gelzhiser v. Fisher,* 418 Pa. 88, 208 A. 2d 836.

The instant appeal, being premature, must be quashed.

---

[1] The stipulation entered into between the parties' counsel and approved by the court below as to the *amount* of the verdict and the interest thereon cannot be construed to take the place of a judgment entered on the verdict.