Opinion
Pee Cubiam,
This was an action in trespass against two physi: cians, M. J. Matzko and F. B. Clemens, for alleged medical malpractice. The jury returned a verdict against both defendants. Each defendant filed motions for judgment n.o.v. The court below entered the following order. “And Now, to wit, this 6th day of June, 1967, the motion for judgment n.o.v. on behalf of Dr. F. B. Clemens, Defendant, is hereby granted, and the motion for judgment n.o.v. on behalf of Dr. M. J. Matzko, Defendant, is hereby denied. Exception noted.” Defendant M. J. Matzko appealed to this court from the denial of judgment n.o.v.
A close study of the record reveals, however, that judgment was not entered on the verdict against Dr. Matzko. Both our Court and the Supreme Court have emphasized that an appeal does not lie from the refusal of judgment n.o.v. but from the judgment entered subsequent to the Court’s disposition of after-verdict motions. Simpson v. Pennsylvania, Turnpike Commission, 384 Pa. 335, 121 A. 2d 84 (1965); Denmon v. Rhodes, 416 Pa. 568, 207 A. 2d 860 (1965); Kersey Manufacturing Company v. Rozie, 205 Pa. Superior Ct. 551, 211 A. 2d 76 (1965); Bodick v. Harcliff Mining Co., 207 Pa. Superior Ct. 159, 214 A. 2d 735 (1965); Marvin Vending Corp. v. Bieber, 207 Pa. Superior Ct. 248, 217 A. 2d 822 (1966). The appeal of Dr. Matzko, therefore, is premature and must be quashed.
The appeal at No. 764 October Term, 1967 is quashed and the record is remanded to the Court of Common Pleas of Columbia County, without prejudice to the right to enter judgment on the verdict.