## Roy *v.* North Braddock School District.

238

Argued October 19, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Joseph A. Del Sole,* with him *Van Ameringen* and *Girman & Del Sole,* for appellant.

*Saul Davis,* for appellee.

OPINION BY JUDGE MANDERINO, December 30, 1971:

Phillip Roy was employed by the School District of the Borough of North Braddock as a teacher in 1948. Roy taught in the Borough's public school system until September of 1957, at which time he took a one-year

leave of absence to teach in the public schools of New Jersey. In September of 1958, Roy resumed his teaching position in the North Braddock school system and continued this position until June of 1962. In the spring of 1962, Roy requested a sabbatical leave of absence for the reason that he had been suffering from a worsening heart condition. Roy's request for a sabbatical leave was denied by the North Braddock School District.

Roy did not return to his teaching position in the Borough's public school system in September of 1962. This case arises from an action brought by Roy to recover the statutorily allowable compensation for a one year sabbatical leave of absence. Roy's action was brought in the Court of Common Pleas of Allegheny County, which found in his favor and allowed him compensation for a one year sabbatical leave. The School District filed exceptions to the order of the Common Pleas Court which were dismissed by order of the court on March 25, 1971. Judgment was entered in the Common Pleas Court on April 15, 1971 and the School District filed an appeal in this court on May 7, 1971.

The appellee, Roy, has filed a motion to quash the School District's appeal on the basis that the appeal was not timely filed. Section 502(a) of the Appellate Court Jurisdiction Act (Act of July 31, 1970, P. L. 673, Act No. 223, 17 P.S. 211.502(a)) states that "an appeal under this act from any order shall be filed within thirty days of its entry." In this case, judgment was not entered for Roy by the Court of Common Pleas of Allegheny County until April 15, 1971. The School District, having filed its appeal on May 7, 1971, was well within the applicable time limitations. Therefore, the motion to quash is denied.

We turn now to the merits. Roy's request for a sabbatical leave of absence was based on the provisions of

the Public School Code of 1949 (Act of March 10, 1949, P. L. 30, Art. XI, as amended, 24 P.S. 11-1166(a)). Section 11-1166(a) of the Public School Code, *supra*, states, in part, as follows: "Any person employed in the public school system of this Commonwealth who has completed ten (10) years of satisfactory service as a professional employee . . . or any other part of the public school system of the Commonwealth, shall be entitled to a leave of absence for restoration of health . . . or, at the discretion of the board of school directors, for other purposes. At least five consecutive years of such service shall have been in the school district from which leave of absence sought, unless the board of school directors shall in its discretion allow a shorter time. . . ."

The Public School Code, *supra*, further states at Section 11-1169 (24 P.S. 11-1169) that "the person on leave of absence shall receive one-half of his or her regular salary during the period he or she is on sabbatical leave."

The North Braddock School District argues that the above provisions of the Public School Code, *supra*, require, in order for an employee of a public school system on a sabbatical leave of absence to receive compensation, not only that the employee have ten years of service in Pennsylvania public schools and five years of service with the school system from which the leave is sought, but also that the five year consecutive requirement be immediately prior to the requested sabbatical. However, it is clear that the statute in question neither states nor implies any such requirement. The statute merely states that, "at least five consecutive years of such service shall have been in the school district from which leave of absence is sought." (Section 11-1166(a) of the Public School Code of 1949, *supra*, 24 P.S. 11-1166(a).) Roy's employment in the

North Braddock school system from 1948 until 1957, at which time he took a one year leave of absence, certainly fulfills this requirement. The School District's attempt to impose a requirement which does not expressly or impliedly exist in the statute, simply cannot succeed. The Statutory Construction Act has well stated the rule to be followed by the court in a case such as this: "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." (Act of May 28, 1937, P. L. 1019, art. IV, Sec. 51, 46 P.S. 551). In this case the words of the Public School Code are "clear and free from all ambiguity," and Roy, having come within the provisions of that Code, was entitled to have his request for a sabbatical leave granted.

In addition, the School District argues that Roy is ineligible for compensation while on a sabbatical leave because of the provisions of another section of the Public School Code, *supra*. Section 11-1168 (24 P.S. 11-1168) states in part that: "No leave of absence shall be granted unless such person shall agree to return to his or her employment within the school district for a period of not less than one school term immediately following such leave of absence." That same section (Section 11-1168, 24 P.S. 11-1168), however, states an exception to the above rule which is that the obligation to return to service in the school system is waived if such inability to return to work is attributable to illness or physical disability. (Section 11-1168 of the Public School Code of 1949, *supra*.)

The School District contends that Roy, at the time he requested a sabbatical leave, never had any intention of returning to the North Braddock school system. However, the findings made by the lower court in its opinion to the effect that it was Roy's intention to return to his employment at the end of his sabbatical

and that his failure to do so was attributable to his illness are amply supported by the record of this case.

The order of the Court of Common Pleas of Allegheny County is affirmed.

Judge CRUMLISH concurs in decision only.