## Shellem *v.* Springfield School District (Appeal of Shellem).

Argued September 8, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Joseph L. Monte, Jr.,* with him *Eckell, Sparks, Vadino, Auerbach & Monte,* for appellant.

*D. Barry Gibbons,* with him *George P. Noel* and *Gibbons, Buckley & Smith,* for appellee.

OPINION BY JUDGE MENCER, November 13, 1972:

Paul J. Shellem (Shellem) was employed by the Springfield School District (Springfield) as a substitute teacher for the school year 1969-1970. Shellem assumed his teaching duties in September 1969, and his employment was terminated by Springfield as of January 31, 1970.

On February 27, 1970, Shellem filed a complaint in mandamus against Springfield seeking reinstatement to his teaching position, reimbursement for his salary, certain pension benefits and certain tuition charges. Shellem's action in mandamus was brought in the Court of Common Pleas of Delaware County, which found that

the dismissal procedure followed by Springfield was defective and substantially ordered all the relief which Shellem had sought. The lower court concluded that Shellem was a substitute teacher, rather than a temporary professional employee, and did not award interest on the salary reimbursement. Timely exceptions were filed by both parties and, following argument before the court en banc, the exceptions of both parties, with a slight modification as to the amount of tuition to be reimbursed, were dismissed by order dated November 9, 1971.

Shellem, on December 10, 1971, filed a praecipe with the Prothonotary of Delaware County to enter judgment on the lower court's order. Judgment was entered by the Prothonotary on December 10, 1971, and Shellem filed this appeal on January 10, 1972. Springfield has filed a motion to quash the appeal on the basis that the appeal was not timely filed. We must grant the motion to quash.

Section 502(a) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, No. 223, 17 P.S. §211.502(a), states that ". . . an appeal under this act from any order shall be filed within thirty days of its entry." Here, Shellem contends that the thirty-day period must be computed from December 10, 1971, when judgment was entered by the Prothonotary. Even if correct in this contention, Shellem's appeal was filed on the thirty-first day thereafter and was not timely.

However, we hold that the thirty-day period commenced to run from November 9, 1971, when the lower court en banc dismissed the exceptions and entered and docketed its final order. Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant and a want of any appropriate and adequate

remedy. Where mandamus is granted, damages may be included as an incident thereto, but mandamus never was intended to be, nor can it be, a substitute for an action of assumpsit. The important and primary aspect of the order of November 9, 1971 was that Shellem was to be reinstated as a teacher, and his right to recover money damages was only incidental thereto.

This is the reason this case is distinguishable from our decision in *Roy v. North Braddock School District,* 4 Pa. Commonwealth Ct. 237, 285 A. 2d 550 (1971). In *Roy* the teacher-plaintiff brought an action in assumpsit to recover the statutorily allowable compensation for a one-year sabbatical leave of absence. There the lower court found for the teacher and awarded him compensation for a one-year sabbatical leave. The School District filed exceptions which were dismissed by order of the court on March 25, 1971. Judgment was entered on April 15, 1971, and the School District filed an appeal in this Court on May 7, 1971. We held the School District was within the applicable time limitation for taking an appeal and denied the motion to quash. The action being for money damages, no right to appeal arose until, like a verdict, a judgment had been entered on the award. *Rissi v. Levan,* 430 Pa. 376, 243 A. 2d 353 (1968). Here the main thrust of the order of November 9, 1971 was the grant of the mandamus relief, an extraordinary remedy, to reinstate Shellem as a teacher. This direction of the lower court was in a final form when the exceptions were dismissed by the order of November 9, 1971, and consequently the appeal period began. The money damages of that order were only incidental to the extraordinary relief of reinstatement and therefore, unlike an award in assumpsit or a verdict in trespass, did not require the entry of a judgment thereon to create the right to appeal from the court's final order.

Obviously, Shellem's appeal on January 10, 1972 was beyond the thirty-day time limit and therefore untimely. The timeliness of an appeal and compliance with the statutory provisions which grant and govern the right of appeal go to the jurisdiction of a court and its competency to act. *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 214 A. 2d 203 (1965).

Appeals can be taken from a final order, decree, judgment or sentence when it has been entered upon the appropriate docket in the court below. Rule 20½ of the Supreme Court of Pennsylvania. The date upon which the order is docketed is the starting date for the appeal time to run. *Burdett Oxygen Company v. I. R. Wolfe & Sons, Inc.,* 433 Pa. 291, 249 A. 2d 299 (1969). Here the lower court's order of November 9, 1971, dismissing exceptions and directing Shellem's reinstatement, clearly was a final appealable order and the entry of a judgment thereon was not required or necessary. *See Big Bear Oil Company v. Zoning Board of Adjustment of Greenville,* 2 Pa. Commonwealth Ct. 33, 277 A. 2d 166 (1971).

Pa. R. C. P. No. 1039 is not controlling as to the time for the commencement of the appeal period, since appeals are not limited to judgments only. The rule has application to the entry of judgment on the trial verdict, entry of judgment after refusal of judgment n.o.v., entry of judgment on the whole record after disagreement of the jury, and entry of judgment after denial of a motion for a new trial. This recent rule, effective April 19, 1971, clarifies the authority of the Prothonotary to enter judgments on pretrial and posttrial verdicts, orders and decisions upon praecipe of a party. *See Corabi v. Curtis Publishing Company,* 437 Pa. 143, 262 A. 2d 665 (1970). Pa. R. C. P. No. 1039, in conjunction with Supreme Court Rule 20½, sought to reduce the substantial number of premature appeals

532

of which the case of *Lynch v. Metropolitan Life Insurance Company*, 422 Pa. 488, 222 A. 2d 925 (1966), is illustrative.

Shellem's contention that entry of judgment *on his praecipe* commences the statutory appeal period, notwithstanding the existence, at an earlier date, of a final order by the court which has been entered and docketed, is untenable and without merit.

The appeal is quashed.