Timothy W. Young and Mark A. Nale v. Tyrone Area School District, Appellant.

Argued May 7, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*John D. Thrush,* with him *Thomas H. Lane,* and *Morgan, Lewis & Bockius,* for appellant.

*Randall C. Rodkey,* with him *Richard J. Russell,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., June 8, 1976:

Timothy W. Young and Mark A. Nale (Appellees) are professional employes of Tyrone Area School District (Appellant), who filed suit in assumpsit to recover sums withheld by Appellant from their salaries for two weeks spent in training with the United States Army Reserves.

We adopt the well reasoned but as yet unreported opinion of President Judge HABERSTROH, who sustained Appellees' motion for summary judgment. That opinion states:

"HISTORY OF THE CASE

"The matter immediately before the Court for consideration is the plaintiffs' motion for summary judgment on the pleadings which pleadings consist of a complaint in assumpsit together with an answer thereto.

"On December 16, 1974, the plaintiffs filed their complaint in this matter wherein they each seek to recover their full salary as a teacher for fifteen days from their employer, the Tyrone Area School District, said fifteen days having been spent by each of them,

during the school year, on active duty in the United States Army Reserves of which they are members.

"Under date of January 9, 1975, a responsive answer was filed by the School District wherein they aver that they have paid to Mr. Nale his teaching salary for fifteen days less the amount of money that he received as a member of the United States Army Reserves while on active duty for the fifteen day period in question. They aver that they are ready and willing to pay to Mr. Young on the same basis, although Mr. Young did not advise him of his earnings in the Reserves and for that reason they paid nothing to him on account of his salary.

"Thereafter under date of April 7, 1975, with the pleadings having been closed, the plaintiffs moved for the entry of a summary judgment on the pleadings filed. This motion was argued orally before the Court on July 11, 1975, at which time the brief of the defendant was filed. Under date of July 29, 1975, the written brief of the plaintiffs was presented to the Court and a reply brief of the defendant was filed under date of August 7, 1975.

"This brings us to the point of determining whether or not summary judgment on the pleadings should be entered in favor of the plaintiffs in this matter.

"DISCUSSION

"The plaintiffs in this case seek to recover their full teaching salaries for the fifteen days that they spent in the United States Army Reserves, without giving credit for their earnings while on active duty for said period, under and by virtue of the authority of the Act of July 12, 1935 P. L. 677 No. 255 Section 1 as last supplemented and amended by the Act of March 26, 1957 P. L. 17 No. 10 section 1 (65 P.S. 114) which section provides as follows:

" 'All officers and employes of the Commonwealth of Pennsylvania or of any political subdivision there-

of, members, either enlisted or commissioned, of any reserve component of the United States Army, Navy, Marine Corps, Air Force, or Coast Guard, shall be entitled to leave of absence from their respective duties without loss of pay, time, or efficiency rating on all days not exceeding fifteen in any one year during which they shall, as members of such reserve components, be engaged in the active service of the United States or in field training ordered or authorized by the federal forces.'

The plaintiffs contend that they are entitled to a leave of absence from their teaching duties; while they are engaged in the active service of the United States or in field training ordered and authorized by the federal forces, limited to fifteen days in any one year claiming that they are entitled to said leave without loss of pay, time or efficiency rating. The School District on the contrary, contends that while the plaintiffs are entitled to the leave of absence requested, they are only entitled to receive that portion of their teaching salary for said period which is in excess of their earnings while serving with the United States Army Reserves.

"No one questions the constitutionality or validity of the Act of Assembly in question. This issue has been decided in favor of the constitutionality of the act in question by the Appellate Courts of this Commonwealth in the case of Loomis v. Philadelphia School District Board of Education, 173 Pa. Super. 597, 98 A. 2d 416 (1953) as affirmed at 376 Pa. 428, 103 A. 2d 769 (1954). Not alone did the last cited case establish the constitutionality of the Act of Assembly in question, but it further ruled that said act was neither specifically nor by implication repealed by the 1949 School Code (See the Act of March 10, 1949 P. L. 30 Article II, Section 1176 as supplemented and

amended (24 P.S. 11-1176) referring to Military Leaves).

"As stated at the time of oral argument, and as reaffirmed in the written briefs submitted by the respective parties, the sole issue presenting itself for disposition in this case is as to whether or not the plaintiffs are entitled to their regular earnings from the school district for their 2 weeks of summer training in the reserves without deduction; or, may the School District properly deduct earnings received from the United States Army Reserve for the said two-week period by the plaintiff teachers. It is our judgment and opinion that Mr. Nale and Mr. Young are entitled to their regular earnings as teachers for the Tryone Area School District during their two weeks of summer training in the Army Reserves and said earnings are not subject to deduction by the School District of any monies earned by the plaintiffs while serving in the Army Reserves for the said two-week period.

"It is to be noted that the Act of July 12, 1935 P. L. 677, as supplemented and amended, supra, provides that all officers and employes of the Commonwealth or any political subdivision thereof who are members of, among others, the United States Army Reserves, when engaged in the active service of the United States or in field training ordered or authorized by the federal forces are 'entitled to leave of absence from their respective duties *without loss of pay, time, or efficiency rating* and all days not exceeding fifteen in the course of one year.' (Emphasis added by the undersigned). It is the plaintiffs contention that the phrase 'without loss of pay' means that they must be paid their full teaching salary during their absence for reserve training; and on the other hand, the School District claims that the cited phrase means only that the teachers need be paid only

the difference between their teaching salaries for the two-week period and the earnings arising from their reserve duty. Both the plaintiffs and the defendant cite the Loomis Case, supra, but principally for the purpose of showing the constitutionality of the Act of 1935, supra, rather than ruling upon the issue here involved, to wit, the deductibility of reserve earnings. It is our judgment that the Loomis case is authority not only on the question of constitutionality, but likewise is authority for the fact that the reserve training earnings are not deductible from the teaching salary due and owning to them as provided in said Act of 1935.

"If one refers to the opinion of the Superior Court in the Loomis case, (173 Pa. Super. 597, 598), we find specifically that in that case the plaintiff teacher sought to recover his teaching salary for fifteen days limited only by that part of the training period which fell within the 1950 school year or $294.00. For the year 1951, inasmuch as the entire period fell within the school year, he sought to recover for fifteen days or $345.00 all of the said fifteen days falling within the said training period. Also it is to be noted that the defendant in the Loomis case filed preliminary objections which preliminary objections were overruled by the trial Court and judgment entered for the plaintiff for the amount for which he had sued. The Superior Court in affirming that judgment concluded its opinion with the following observation:

" 'As to a teacher, the discipline and experience derived from intensive military training, reflected in his rank, not only should add to his stature in the estimation of his pupils, but it also qualifies him for better teaching and thus for more effective public service. As applied to the facts in this case, therefore, the basis for placing reservists in one favored class

is reasonable and proper since the benefits conferred are reflected in the quality of service in public employment sought to be obtained.'

"On appeal to the Supreme Court in the opinion of the Court in the Loomis case (376 Pa. 428, 432) we find the Court stating:

" 'The legislature has recognized the worth of military service on the part of public employes by the enactment of the Act of 1935 in question. Courts may not question the wisdom of the legislative classification unless there can be found no reasonable ground for it. ". . . the test is, not wisdom, but good faith in the classification." '

Again at page 435 we find the Supreme Court stating:

" 'The test of class legislation being its reasonableness, it may be pointed out that military leave of absence for 15 days with full pay is quite analogous to sick leave without loss of pay as an incident or condition of employment. . . . We cannot consider the 15 day leave of absence granted to reservists as unreasonably protracted in duration. It may be noted that sick leave or limited vacation relates solely to the well being or comfort of the employe, whereas military leave confers a benefit upon the public employer and tax payer in the quality of service rendered. At the same time it is in the interest of national defense.

" 'The discipline, loyalty and public spirit necessarily acquired by the military reservists are conducive to the better performance of his duties as a public employe, the public unquestionably derives benefit therefrom and this justified the classification in question.'

" 'And the Supreme Court affirmed the judgment of the Superior Court sustaining the action of the lower Court in awarding to the plaintiff in the Loomis case the full teaching salary limited only by that portion of time which did not fall within the school year.

In the instant case all of the period during which the plaintiff teachers served their training, fell within the school year; and, therefore, their full salary should, in the judgment and opinion of this Court, be paid.

"Likewise, in construing the Act of 1935, supra, it is to be noted that the leave of absence to the reservists from their duties as teachers in the Tyrone Area School District shall be 'without loss of pay, time, or efficiency rating. . . .'

"Unquestionably the reference to 'without loss of . . .' insofar as time and efficiency rating is concerned, must of necessity refer to the teaching time and efficiency rating. By the same token we believe that the phrase 'without loss of pay' must of necessity been meant by the legislature to mean the pay as a teacher in the School District. We believe that the Act of July 12, 1935, supra, is clear and unambiguous in providing that the reservist, during his period of leave of absence, shall not lose any of his pay from his teaching position.

"What the School District seeks to do is to impose in the Act of 1935 a provision that during such leave of absence as granted thereunder, he shall not suffer any loss of gross or net pay; they seek to take credit for any earnings received by him for performing his reserve duties. This is somewhat similar to a position assumed in the case of School District of The Borough of North Braddock v. Roy, 4 Pa. Commonwealth Ct., 237, 285 A. 2d 550, 551 (1971) where the Court was considering the provision of the School Code referring to sabbatical leave. In the opinion of the Court we find the following:

" 'The North Braddock School District argues that the above provisions of the Public School Code, supra, require in order for an employe of a public school system on a sabbatical leave of absence to receive

compensation, not only that the employe have ten years of service in Pennsylvania public schools and five years of service with the school system from which the leave is sought, but also that the five year consecutive requirement is immediately prior to the requested sabbatical. However, it is clear that the statute in question neither states nor implies any such requirement. The statute merely states that, "at least five consecutive years of such service shall have been in the school district from which leave of absence is sought." (Section 11-1166(a) of the Public School Code of 1949, supra, 24 P.S. 11-1166(a).) Roy's employment in the North Braddock School system from 1948 until 1957, at which time he took a one year leave of absence, certainly fulfills this requirement. The School District's attempt to impose a requirement which does not expressly or impliedly exist in the statute, simply cannot succeed. The statutory construction act has well stated the rule to be followed by the Court in a case such as this:

" ' "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." (Act of May 28, 1937, P. L. 1019, Article 4, Section 51, 46 P.S. 551.)

" 'In this case the words of the Public School Code are clear and free from all ambiguity, and Roy, having come within the provisions of that code, was entitled to have his request for a sabbatical leave granted.' Just so, in the instant case, we believe the words here used are clear and free from all ambiguity and that the letter thereof is not to be disregarded under the pretext of pursuing what we might deem to be the spirit and intent of the legislature. If it is the intent of the legislature that credit be taken by the School District for earnings otherwise had during a military leave of absence, then we believe that it is

for the legislature to say so rather than for the Courts by judicial construction to read it into an act when we do not believe that such intent as that contended for by the School District is either expressed or implied in the wording of the Act of Assembly in question.

"The defendant School District would have this situation considered as analogous to the situation applicable in a Pennsylvania Labor Relations Board matter. It is true that there are such cases holding that 'back pay awards must be designed to affectuate the policies of the act. See Act of June 1, 1937 P. L. 1168 Section 8 as amended, 43 P.S. 211.8(c). For example, a wrongfully discharged employe is bound to use reasonable efforts to find work and, if he does not do so, wages he could have earned are deducted from his back pay award. . . . An employe discharged in violation of the act is entitled only to back pay for the period he normally would have been employed had he not been wrongfully discharged. . . .' Pennsylvania Labor Relations Board v. Sand's Restaurant Corporation, 429 Pa. 479, 488, A.2d 240, 801 (1968). (sic).

"As pointed out in the case cited, back pay awards under the Labor Relations Board Act are designed to affectuate the policies of the act; and such is not the situation in the instant case.

"From the foregoing expressions on the part of this Court, it is not to be thought that this Court subscribes to the 'bottomless pit' theory of taxation referred to by the defendant. What we are saying by this opinion is that 'without loss of pay' refers to their pay as a teacher for the school district in question and not to their net or gross pay from any and all incomes that they may have. If such is intended, then it is a matter for the legislature to amend the Act of Assembly in question to so provide. It is not the prerogative of the Court, as we see it, to do so.

"For the reasons aforesaid, the following order is entered:

## "DECREE OF THE COURT

"Now, this *8th* day of October, 1975, judgment is entered in favor of the plaintiff, Timonthy W. Young, and against the Tyrone Area School District, the defendant, in the amount of $423.00 together with interest from the 7th day of June, 1974 together with costs of this suit.

"Further, judgment is directed to be entered in favor of Mark A. Nale, the other plaintiff herein, and against the Tyrone Area School District in the amount of $125.90 together with interest from the 7th day of June, 1974, together with costs of this suit."

Affirmed.

Judge KRAMER did not participate in the decision in this case.