437 A.2d 995

**Philomena DAVANZO, Appellant,**

**v.**

**Robert FINELLI.**

Superior Court of Pennsylvania.

Submitted Feb. 2, 1981.

Filed Nov. 30, 1981.

---

Ronald J. Karasek, Bangor, for appellant.

Ronald W. Shipman, Easton, for appellee.

Before WICKERSHAM, POPOVICH and WATKINS, JJ.

POPOVICH, Judge:

Appellant, Philomena Davanzo, instituted an action in trespass against the appellee, Robert Finelli, for injuries she sustained when struck by his vehicle. A jury trial was held in the Court of Common Pleas of Northampton County, which resulted in a verdict being rendered in favor of the

appellee. Appellant filed Motions for a New Trial or Judgment Non Obstante Veredicto, which were denied by the Court en banc by Order dated June 23, 1980. Appellant's appeal is from said Order. We must quash the appeal, inasmuch as it was taken to this Court without final judgment having been entered.

■ Although the appellee does not raise the propriety of appellant's appeal, we have oft-stated that the appealability of an order goes to the appellate court's jurisdiction and may be raised *sua sponte. Turner v. May Corp.*, 285 Pa.Super. 241 n. 2, 427 A.2d 203, 204 n. 2 (1981). In applying such tenet to the case at bar, we note that "[a]n appeal does not lie from the refusal of either a new trial or judgment n. o. v., but from the judgment entered subsequent to the court's disposition of after verdict motions. *Simpson v. Pennsylvania Turnpike Commission*, 384 Pa. 335, 121 A.2d 84 (1956)." *Bodick v. Harcliff Mining Co.*, 207 Pa.Super. 159, 160, 214 A.2d 735, 736 (1965). The entry of judgment is a prerequisite to our exercise of jurisdiction. See *Slaseman v. Myers*, 285 Pa.Super. 167, 427 A.2d 165 (1981); 2 Goodrich-Amram 2d § 1038(b):1, at 501 (1976); 6A Standard Pennsylvania Practice § 169, pp. 221–222 (1960). Our review of the record in the present appeal evidences that judgment had not been entered on the verdict when the appeal was taken nor at any time thereafter. As a result, the appeal is premature and must be quashed. See *Garttner v. F. Jay Smith, Inc.*, 291 Pa.Super. 341, 435 A.2d 1257 (1981); *Crawford v. Manhattan Life Insurance Company of New York*, 207 Pa.Super. 161, 215 A.2d 299 (1965); *Bodick v. Harcliff Mining Co.*; supra; accord *Carl v. Matzko*, 212 Pa.Super. 204, 240 A.2d 561 (1968); Pa.R.A.P. 301(c); see also 42 Pa.C.S.A. § 5105 (Pamphlet, 1981).

In accordance with our past practice in similar situations, the record is remanded to the Court of Common Pleas of Northampton County without prejudice to the right to enter

judgment on the verdict and to appeal therefrom to the proper court.[1]

Appeal quashed and record remanded.

---

1. The aggrieved litigant should, if necessary, cause a judgment to be entered on the undisturbed verdict in order that she might properly perfect an appeal. See *Simpson v. Pa. Turnpike Comm'n,* supra; 2 Goodrich-Amram 2d § 1039:1 (1976); 6A Standard Pennsylvania Practice § 169, p. 222 (1960).